795 F.Supp. 930 (1992)
Craton LIDDELL, et al., Plaintiffs,
v.
The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, MISSOURI, et al., Defendants.
No. 72-0100C(6).
United States District Court, E.D. Missouri, E.D.
July 7, 1992.
William P. Russell, Joseph McDuffie, St. Louis, Mo., for Liddell.
Michael A. Middleton, Columbia, Mo., William L. Taylor, Washington, D.C., Wayne C. Harvey, St. Louis, Mo., for Caldwell/NAACP.
Kenneth C. Brostron, Lashly & Baer, St. Louis, Mo., for City Bd.
Michael J. Fields, Bart A. Matanic, Asst. Missouri Attys. Gen., Jefferson City, Mo., John J. Lynch, Asst. Missouri Atty. Gen., St. Louis, Mo., David R. Boyd, Comey & Boyd, Washington, D.C., for State of Mo.
Andrew J. Minardi, Joseph D. Ferry, St. Louis, Mo., for St. Louis County.
Shulamith Simon, Rosenblum, Goldenhersh, Silverstein & Zaff, St. Louis, Mo. (Court-appointed), amicus curiae.
Craig Crenshaw, Jr., Jeremiah Glassman, U.S. Dept. of Justice, Civ. Rights Div., Washington, D.C., for U.S.
*931 James J. Wilson, Paul Martin, St. Louis City Counselor, St. Louis, Mo., for City of St. Louis.
Anthony J. Sestric, Sestric & Cipolla, St. Louis, Mo., for St. Louis Collector of Revenue.
Charles Werner, St. Louis, Mo., for Missouri NEA.
Charles R. Oldham, Louis Gilden, St. Louis, Mo., for Teachers Local Union 420.
Dr. Robert Bartman, Com'r, Mo. Dept. of Elementary & Secondary Educ., Jefferson City, Mo., for Mo. Dept. of Elementary & Secondary Educ.
Dr. Warren M. Brown, Dr. Jay Moody, Lake St. Louis, Mo. (Court-appointed), for Budget Review Committee (BRC).
Dr. James Dixon, II, Executive Director, Educ. Monitoring & Advisory Committee, St. Louis, Mo. (Court-appointed), for Educ. Monitoring & Advisory Committee (EMAC).
Dr. Ralph Beacham, Executive Director, Metropolitan Coordinating Committee, Bridgeton, Mo. (Court-appointed), for Metropolitan Coordinating Committee (MCC).
Dr. Susan Uchitelle, Executive Director, Voluntary Interdistrict Coordinating Council, St. Louis, Mo. (Court-appointed), for Voluntary Interdistrict Coordinating Council (VICC).
Henry D. Menghini, Robert J. Krehbiel, Evans & Dixon, St. Louis, Mo. (Court-appointed), for St. Louis County School DistrictsAffton & Lindbergh.
Darold E. Crotzer, Jr., St. Louis, Mo. (Court-appointed), for Bayless, Jennings, Normandy & Wellston.
George J. Bude, St. Louis, Mo. (Court-appointed), for Brentwood, Clayton & Hancock Place.
Frank Susman, Susman, Shermer, Rimmel & Shifrin, St. Louis, Mo. (Court-appointed), for Ferguson-Florissant.
Robert P. Baine, Jr., Baine & McHugh, Florissant, Mo. (Court-appointed), for Hazelwood.
Andrew B. Leonard, Buechner, McCarthy, Leonard, Kaemmerer, Owen & Laderman, Chesterfield, Mo. (Court-appointed), for Kirkwood.
Robert G. McClintock, St. Louis, Mo. (Court-appointed), for Ladue.
Richard Ulrich, Summers, Compton, Wells & Hamburg, St. Louis, Mo. (Court-appointed), for Maplewood-Richmond Heights.
John Gianoulakis, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo. (Court-appointed), for Mehlville, Pattonville & Rittenour.
James Erwin, R.J. Robertson, Thompson & Mitchell, St. Louis, Mo. (Court-appointed), for Parkway.
Edward J. Murphy, Jr., Garry K. Seltzer, St. Louis, Mo. (Court-appointed), for Riverview Gardens.
Thomas Tueth, Ian Cooper, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo. (Court-appointed), for St. Louis County Special & Rockwood.
Worsham N. Caldwell, Richard G. Hughes, Caldwell, Hughes, McHugh & Singleton, St. Louis, Mo. (Court-appointed), for University City.
Kenneth V. Byrne, Schlueter & Byrne, St. Louis, Mo. (Court-appointed), for Valley Park.
Douglas A. Copeland, Robert W. Copeland, Copeland, Gartner & Thompson, St. Louis, Mo. (Court-appointed), for Webster Groves.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on the revised report on student assignments and capital improvements for St. Louis city schools filed on May 5, 1992, by the Amicus Group, G(348)92, and on City Board's motion for referral of the report to City Board or for establishing a discovery schedule and setting a hearing, G(407)92.
On August 21, 1991, the Amicus Group filed its initial report, L(3525)91, in response to the District Court's order, L(3337)91, that the parties develop a new capital improvements budget taking into account student enrollment projections and *932 building capacities. Based on the total projected student enrollment in regular city schools for the 1995-96 school year, the Amicus Group report proposed a student assignment and building usage plan. The report recommended using a 55% black-45% white (± 5%) basis for student assignments for regular integrated schools rather than City Board's 50%-50%. It was determined that a total of 63 buildings (integrated: 19 elementary, 5 middle and 1 high school; nonintegrated: 30 elementary, 6 middle and 2 high schools) would be needed. Renovations on buildings that would not be needed were to be deferred. The report concluded that City Board had the financial resources to pay its share of the capital improvements for those buildings that would be needed and that such work could be completed by June 1995. The report also included several recommendations with regard to the renovation schedule for certain schools.
Nine days after the report was filed and before the parties responded to it, the Court adopted it in large measure, L(3538)91. The Court ordered that the student assignment plan it had previously approved was to be revised in accordance with the assignment plan proposed in the Amicus Group's report with several minor exceptions. The Court also ordered City Board to immediately proceed and complete all approved capital improvements by June 1995, funding its share with the resources identified in the Amicus Group report, and not to do any additional work which would impede this. The Court also adopted most of the recommendations with regard to specific schools.
City Board appealed order L(3538)91 to the Eighth Circuit Court of Appeals. It was thereafter learned that the enrollment data furnished by City Board to the Amicus Group, and upon which the group's enrollment projections were calculated, was flawed. The Court granted the Amicus Group leave to file a revised report based on appropriate data. While the Amicus Group was preparing its revised report, City Board, noting its pending appeal, filed a motion under Fed.R.Civ.P. 60(b) for relief from order L(3538)91. The Court denied this motion believing it was important that L(3538)91 remain in force until such time as a new order supplementing or replacing it was entered. G(284)92 (March 18, 1992). The Court noted that when issuing any new orders on the matter, it would take care not to abrogate any of City Board's appeal rights. City Board decided to proceed with its appeal of L(3538)91.
On May 5, 1992, the Amicus Group submitted its revised report. The Court first notes that the pendency of the appeal from the adoption of the initial report does not deprive this Court of authority to further supervise and modify the student assignment/capital improvements plan. See Board of Education v. State of Mo., 936 F.2d 993, 994-96 (8th Cir.1991).
The basic premises of the Amicus Group remain the same. The report concludes that 63 schools (integrated: 14 elementary and 4 middle schools; nonintegrated: 36 elementary, 7 middle and 2 high schools) are needed to house the projected 1995-96 regular student enrollment, using a 55% black-45% white (± 5%) basis for assigning students to integrated schools and assuming a 100% utilization of magnet seats.
In response to the revised report, City Board first argues that responsibility for student assignments within the city should be returned to City Board. Citing Freeman v. Pitts, ___ U.S. ___, 112 S.Ct. 1430, 118 L.Ed.2d 108 (1992), City Board states that the Court no longer has the authority to order student assignments for purposes of racial balance.
At this juncture, it would be premature for the Court to withdraw its supervision over student assignments within the city. The record has not yet been developed to support such an action. Furthermore, student assignments and the State's and City Board's capital improvements funding obligations are inextricably interrelated. In order to ascertain the buildings needed for each school level (elementary, middle and high school), it is essential to determine how students are to be assigned.
*933 City Board's real concern is that the Court adopted the 55%-45% ratio recommended by the Amicus Group rather than the 50%-50% ratio advanced by City Board. Upon careful consideration, the Court reaffirms its adoption of the 55% black-45% white (± 5%) ratio for student assignments to integrated schools. This ratio will best further both the desegregation goals of this case and the efficient usage of facilities. Using a 50%-50% ratio would reduce the number of black students attending integrated schools and would necessitate the operation of more buildings at lower utilization rates.
The Court also agrees with the Amicus Group that planning must be based on 100% usage of magnet seats, rather than on 90% usage as City Board urges. Experience supports the conclusion that with proper recruitment and implementation of the Magnet Plan, City Board will be able to achieve full target magnet enrollment. Duplicate planning for seats (in magnet schools and in regular schools) for 10% of the target magnet enrollment is inappropriate.
City Board next takes issue with some specific recommendations in the Amicus Group's revised report. As noted above, the report concludes that two nonintegrated regular high schools (Sumner and Beaumont), which the Amicus Group determined have 3,302 seats together, would be more than sufficient to house the projected enrollment of 2,745 students and that renovation of the other regular nonintegrated high school in the city (Vashon) should be deferred until such time as enrollments may warrant its use.
City Board's argument that Sumner and Beaumont would be overcrowded is refuted by the facts. City Board argues that the Amicus Group's recommendation that renovation at Vashon be deferred ignores the Black community's historical ties to the school. This, however, does not support the renovation of Vashon with funds the State and City Board have been ordered to contribute for desegregation purposes. As the Court has previously stated, City Board may expend its own funds on nondesegregation-related capital improvements, viz. renovating or building a new Vashon, upon a showing to the Court that such expenditures will not interfere with City Board's desegregation obligations.
City Board also challenges the Amicus Group's conclusion that a regular integrated high school (Roosevelt) will not be needed. With full implementation of the magnet program, there will be 58 students for assignment to a regular integrated high school. This number does not justify operation of such a school. City Board's assertion that an integrated high school would have 506 students is based on 90% magnet enrollment, which, as noted above, this Court cannot accept as a proper underlying assumption. The Court recognizes that with the consolidation of schools some students will have to travel longer distances to school. This is unfortunate but unavoidable.
The Court has carefully reviewed the Amicus Group's revised report as well as City Board's response. The State has also filed responses which support the Amicus Group's recommendations. G(371)92, G(452)92. The Court does not believe an evidentiary hearing is necessary. There is no dispute on the projected school enrollment for 1995-96. As the Amicus Group states in its reply, G(450)92, "[t]he issue is ... what facilities the agreed school population needs and the adequacy of funds to have those facilities in place no later than June, 1995." Buildings that are not needed cannot be renovated at this time with desegregation funds.
The revised Amicus Group report makes the following additional recommendations which the Court adopts:
City Board should adopt and submit to the Court by September 1, 1992, an effective building preventive maintenance program; and
City Board should accelerate the renovation of Mullanphy so that it is available for its full target enrollment as an elementary magnet school by September 1993.
*934 Accordingly,
IT IS HEREBY ORDERED that City Board's motion G(407)92 for a referral or hearing is denied.
IT IS FURTHER ORDERED that the student assignment/capital improvements plan proposed in the Amicus Group's revised report, G(348)92, is approved by the Court and shall replace the plan previously approved in L(3538)91.
IT IS FURTHER ORDERED that City Board shall submit to the Court by September 1, 1992, an effective building preventive maintenance program.
IT IS FURTHER ORDERED that City Board shall accelerate the renovation of Mullanphy so that it is available for its full target enrollment as an elementary magnet school by September 1993.
IT IS FURTHER ORDERED that in all other regards L(3538)91, as modified by G(91)91 with regard to McKinley school, is reaffirmed.